

FILED - SOUTHERN DIVISION
CLERK, U.S. DISTRICT COURT

OCT 29 2012

CENTRAL DISTRICT OF CALIFORNIA
BY         DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| EUGENE HILL,<br><br>    Petitioner,<br><br>    v.<br><br>DOMINGO URIBE, JR., et al.,<br><br>    Respondents. | Case No. CV 12-08973 CJC (AN)<br><br>ORDER TO SHOW CAUSE |

For the reasons discussed below, Petitioner is ordered to show cause in writing, on or before November 15, 2012, why his Petition should not be dismissed with prejudice.

Pursuant to the United States Supreme Court's decision in *Swarthout v. Cooke*, 562 U.S. ---, 131 S. Ct. 859 (2011) (per curiam), a prisoner challenging the denial of parole is only entitled to the minimal procedural due process protections set forth in *Greenholtz v. Inmates of Nebraska Penal & Correctional Complex*, 442 U.S. 1, 16, 99 S. Ct. 2100 (1979), that is, an opportunity to be heard and a statement of reasons for the denial. *Cooke*, 131 S. Ct. at 862. In *Cooke*, the Supreme Court decided that where the record showed the prisoner was allowed to speak at the hearing and contest the evidence, was afforded access to his records in advance, and was notified as to the reasons why parole was denied, "[t]hat should have been the beginning and the end of the federal habeas courts' inquiry." *Id.* The *Cooke* opinion further emphasized that "it is no federal concern whether California's 'some evidence' rule of judicial review (a procedure beyond what the Constitution demands) was correctly applied." *Id.* at 863.

Here, Petitioner is challenging a November 24, 2009 denial of parole by the California Board of Parole Hearings ("Board"). (Pet. at 5-6.) However, despite his voluminous filings, he has failed to attach the transcript of his November 24, 2009 hearing so the Court can determine whether he received the minimal procedural protections set forth in *Greenholtz*. In light of the fact that none of Petitioner's claims allege Petitioner was denied those minimal due process protections, and that it would be highly unusual if any of those protections had been denied, it is apparent from the face of the Petition that Petitioner is not entitled to any federal habeas relief, and that his parole claims are not cognizable on federal habeas review because they solely involve the application and/or interpretation of state law. *See* 28 U.S.C. § 2254(a); *Cooke*, 131 S. Ct. at 862-63; *Estelle v. McGuire*, 502 U.S. 62, 67-68, 112 S. Ct. 475 (1991) ("In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States."); *Smith v. Phillips*, 455 U.S. 209, 221, 102 S. Ct. 940 (1982) ("A federally issued writ of habeas corpus, of course, reaches only convictions obtained in violation of some provision of the United States Constitution."); *Langford v. Day*, 110 F.3d 1380, 1389 (9th Cir. 1997) ("We accept a state court's interpretation of state law, . . . and alleged errors in the application of state law are not cognizable in federal habeas corpus.") In light of *Cooke*, it does not appear this Court has any basis for concluding the California courts' rejection of Petitioner's parole claim was contrary to, or involved an unreasonable application of, clearly established Supreme Court law.

Additionally, in ground two, Petitioner raises a challenge to the Board's five-year denial. (Pet. at 5.) However, Petitioner has failed to establish that the change in California's parole procedures to increase the time between parole eligibility hearings violates any provision of the United States Constitution. *See California Dept. of Corrections v. Morales*, 514 U.S. 499, 501-14, 115 S. Ct. 1597 (1995) (upholding a 1981 amendment to California's parole procedures that allowed the Board to decrease the frequency of parole suitability hearings under certain circumstances). Moreover, the United States Supreme Court has "not squarely addressed" the constitutionality of that procedure. *See Moses v. Payne*, 555 F.3d 742, 758 (9th Cir. 2009). As a result, there is not a clearly established "controlling legal standard," and the

state courts' decisions denying habeas relief cannot be contrary to or unreasonable applications of clearly established Supreme Court precedent. *Id.* at 758-59; *see also* § 2254(d)(1) (habeas relief may only be granted if the last reasoned decision of the state courts was "contrary to, or involved an unreasonable application of, clearly established federal law *as determined by the Supreme Court* . . . .") (emphasis added). Therefore, as with his claims challenging the parole hearing itself, ground two does not provide this Court with any basis for concluding the California courts' rejection of Petitioner's claim was contrary to, or involved an unreasonable application of, clearly established federal law.

Lastly, it also appears the pending Petition is untimely because Petitioner purports to be challenging a November 24, 2009 parole denial. The Petition is governed by the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"). 28 U.S.C. §2244(d)(1), which establishes a one-year statute of limitations for state prisoners to file a habeas petition in federal court. 28 U.S.C. § 2244(d)(1); *see also Shelby v. Bartlett*, 391 F.3d 1061, 1063 (9th Cir. 2004) ("§ 2244's one-year limitation period applies to all habeas petitions filed by persons in 'custody pursuant to the judgment of a State court,' 28 U.S.C. § 2244(d)(1), even if the petition challenges a pertinent administrative decision rather than a state court judgment."). In most cases, the limitations period begins to run from "the date on which the judgment became final by conclusion of direct review or the expiration of the time for seeking such review." § 2244(d)(1)(A). However, where the petitioner is challenging the denial of parole, subsection (A) is inapplicable because the term "judgment" in that subsection refers to the "judgment of conviction and sentence" in the state court, and the words "direct review" refer to the "direct appellate review of that judgment," neither of which are relevant to the administrative decision under attack. *Redd v. McGrath*, 343 F.3d 1077, 1081-82 (9th Cir. 2003); *see also Shelby*, 391 F.3d at 1066.

Instead, § 2244(d)(1)(D) applies to habeas petitions challenging parole decisions. *Redd*, 343 F.3d at 1082-85. Under subsection (D), the limitation period begins to run on "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." *Shelby*, 391 F.3d at 1064 (*quoting* § 2244(d)(1)(D)).

1 Where a petitioner is challenging the denial of parole, the factual basis of his claims is deemed
2 to have been discovered the day the petitioner receives notice that his administrative appeal
3 was denied. *Redd*, 343 F.3d at 1079. However, since *Redd* was decided, California abolished
4 its administrative appeal process for parole denials. See Former CAL. CODE REGS. tit. 15, §
5 2050, et seq. (2004). Therefore, the Court finds Petitioner could not have learned the factual
6 basis for his claims challenging the November 24, 2009 denial of parole any later than
7 December 14, 2009, the deadline for the Board to provide him with "a written statement setting
8 forth the reason or reasons for refusal to set a parole date." CAL. PENAL CODE § 3041.5(b)(2).
9 The statute of limitations started running the next day, December 15, 2009, and expired on
10 December 15, 2010. § 2244(d)(1)(D); *see also Patterson v. Stewart*, 251 F.3d 1243, 1245-47
11 (9th Cir. 2001) (the limitations period begins to run on the day after the triggering event
12 pursuant to Fed. R. Civ. P. 6(a)).

13 Further, although AEDPA includes a statutory tolling provision that suspends the
14 limitations period for the time during which a "properly-filed" application for post-conviction
15 or other collateral review is "pending" in state court, 28 U.S.C. § 2244(d)(2), and although
16 Petitioner's state court records establish he has filed multiple habeas petitions in the state
17 courts challenging various matters,[1] neither the face of the Petition, attached exhibits, nor state
18 court records show any habeas petition challenging Petitioner's November 24, 2009 denial of
19 parole having been filed while the statute of limitations was running. *Ferguson v. Palmateer*,
20 321 F.3d 820, 823 (9th Cir. 2003) ("[S]ection 2244(d) does not permit the reinitiation of the
21 limitations period that has ended before the state petition was filed.").
22 ///
23 ///
24

---

25 [1] The Court takes judicial notice of Petitioner's records in the state appellate courts, which
26 are available at http://appellatecases.courtinfo.ca.gov ("state court records"). *See Smith v.
27 Duncan*, 297 F.3d 809, 815 (9th Cir. 2002) (federal habeas courts may take judicial notice of
relevant state court records), *overruled on other grounds as recognized in Cross v. Sisto*, 676
28 F.3d 1172 (9th Cir. 2012).

Based on the foregoing, the Court finds this action is subject to summary dismissal with prejudice. Accordingly, Petitioner shall have until **November 15, 2012**, to file a written response and show cause why his Petition should not be dismissed with prejudice for any or all of the foregoing reasons. In responding to this Order, Petitioner must also attach a full, complete, and legible copy of the transcript for his November 24, 2009 parole consideration hearing.

**Petitioner is warned that if a timely response to this Order is not made, or if Petitioner fails to attach a copy of his November 24, 2009 parole consideration hearing to his response, he will be deemed to have waived his opportunity to respond to this Order to Show Cause, and he will be deemed to have consented to the dismissal of his Petition for the foregoing reasons. No consideration will be given to any untimely response.**

Further, if Petitioner agrees with the Court's analysis, he should consider filing a Request For Voluntary Dismissal of this action pursuant to Fed. R. Civ. P. 41(a)(1) in lieu of a written response to this Order.

DATED: October 29, 2012

_____
ARTHUR NAKAZATO
UNITED STATES MAGISTRATE JUDGE